BAKER, Judge,
concurring in part and dissenting in part.
While I concur with the majority that the trial court properly granted summary judgment as to API, I part ways with the majority's conclusion that AP2 and AP3 met their burden of establishing that there were no genuine issues of material fact with respect to immunity. As stated by the majority, immunity does not permit a person to physically abuse a person or deprive that person of a civil right except in accordance with commitment procedures. Ind.Code § 12-26-2-6(b).
Here, the facts as alleged by the Hag-gertys place Thomas in a small bathroom for approximately four hours before being admitted to AP2. The majority concedes that "the parties do not explain the cireum-stances surrounding Thomas's placement in a bathroom, other than noting that he left at one point to talk to Cathy." Op. at 295. In my view, this creates a genuine issue of material fact sufficient to preclude summary judgment and, consequently, immunity as to AP2 and AP3. Indeed, this incident is precisely the type of issue that the medical review panel should assess to determine whether the actions of AP2 were appropriate. Accordingly, I would have affirmed the trial court's denial of summary judgment.